IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHERYL BLISS,

      Plaintiff,                        CIV. NO. S- 07-0225 FCD GGH PS

    vs.

ALLSTATE INSURANCE COMPANY,

                                     FINDINGS & RECOMMENDATIONS

      Defendants.

_____/

        This action was referred to the undersigned pursuant to Local Rule 72-302(c)(21). This action was removed from state court on February 2, 2007. In the order requiring joint status report, filed February 2, 2007, plaintiff was advised of the requirement to file an opposition or statement of non-opposition to pretrial motions, and the possibility of dismissal for failure to do so. Defendant filed a motion for summary judgment on April 1, 2009, to which plaintiff did not respond. By order filed April 23, 2009, the hearing on the motion was vacated, with the notation that plaintiff had not filed an opposition.

        Although the court liberally construes the pleadings of pro se litigants, they are required to adhere to the rules of court. As set forth in the district court's order requiring status report, failure to file an opposition or statement of non-opposition may be deemed not only consent to the granting of the motion, but such failure permits the court to dispose of the motion summarily. E. D. Cal. L. R. 78-230(c) provides that opposition to the granting of a motion must be filed fourteen days preceding the noticed hearing date. The Rule further provides that "no

party will be entitled to be heard in opposition to a motion at oral arguments if opposition has not been timely filed by that party."

A district court may not grant a motion for summary judgment simply because the nonmoving party does not file opposing material, even if the failure to oppose violates a local rule. Martinez v. Stanford, 323 F.3d 1178 (9th Cir. 2003); Brydges v. Lewis, 18 F.3d 651, 652 (9th Cir. March 9, 1994), citing Henry v. Gill Industries, Inc., 983 F.2d 943, 950 (9th Cir. 1993). However, when the local rule does not require, but merely permits the court to grant a motion for summary judgment, the district court has discretion to determine whether noncompliance should be deemed consent to the motion. Id.

In the instant case, plaintiff has been warned that his failure to oppose a motion for summary judgment may be consent to the granting of the motion. Based on plaintiff's failure to file an opposition, the court concludes that plaintiff has consented to defendant's motion for summary judgment. In the alternative, the court finds that defendant's motion has merit.

Accordingly, IT IS HEREBY RECOMMENDED that defendant's April 1, 2009 motion for summary judgment be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge"s Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 27, 2009

/s/ Gregory G. Hollows
_____
U. S. MAGISTRATE JUDGE

GGH:076/Bliss0225.mtd.wpd